UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, *et al.*,<br><br>Defendants. | Case No.  2:22-cv-00567-JDP (PC)<br><br>ORDER:<br><br>(1) GRANTING PLAINTIFF'S SECOND APPLICATION TO PROCEED *IN FORMA PAUPERIS*;<br><br>(2) DENYING PLAINTIFF'S FIRST APPLICATION TO PROCEED *IN FORMA PAUPERIS* AS MOOT; AND<br><br>(3) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF Nos. 11, 13, & 14<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL, OR<br><br>    (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff alleges that defendants County of Sacramento and University of California Davis Medical Center violated his rights by subjecting him to an unwanted injection on January 17,

2022 and by allowing various instances of official corruption in the Sacramento County Jail. These allegations are not, as articulated, cognizable. I will give plaintiff leave to amend. I will also grant plaintiff's second application to proceed *in forma pauperis*, ECF No. 14, deny his first application as moot, ECF No. 13, and deny his motion for appointment of counsel without prejudice, ECF No. 11.

**Screening Order**

### I.      Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

1    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

2    of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

3    1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

4    **II.      Analysis**

5         Plaintiff alleges that on January 17, 2022, an unidentified group of medical providers at

6    the University of California Davis Medical Center gave him an unwanted injection that caused

7    him to suffer breathing difficulties and burning in his stomach.  ECF No. 1 at 2.  Plaintiff does not

8    identify the individuals who gave him the injection, whether it was given as a form of treatment,

9    whether the medical center sanctioned the injection, or even whether the injection was given at

10   the behest of his custodians.  Plaintiff must allege additional context if these allegations are to

11   proceed.

12        Separately, plaintiff alleges that Sacramento County has sanctioned murders committed by

13   police officers and that he is now in danger of being targeted for murder.  *Id.* at 4.  These

14   allegations are too vague to proceed.  Plaintiff has not identified any officers who have acted

15   against him or who are planning to act against him, and his claim that the county has sanctioned

16   improper police conduct is bereft of any specific allegations.

17        If plaintiff decides to file an amended complaint, the amended complaint will supersede

18   the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en

19   banc).  This means that the amended complaint will need to be complete on its face without

20   reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is

21   filed, the current complaint no longer serves any function.  Therefore, in an amended complaint,

22   as in an original complaint, plaintiff will need to assert each claim and allege each defendant's

23   involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint"

24   and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will

25   recommend that this action be dismissed.

26        I will also deny plaintiff's motion to appoint counsel.  Plaintiff does not have a

27   constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525

28   (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff.  *See Mallard*

1   *v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  I may request

2   the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an

3   attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However,

4   without a means to compensate counsel, I will seek volunteer counsel only in exceptional

5   circumstances.  In determining whether such circumstances exist, "the district court must evaluate

6   both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his

7   claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525

8   (internal quotation marks and citations omitted).

9          I cannot conclude that exceptional circumstances requiring the appointment of counsel are

10   present here.  The allegations in the complaint are not exceptionally complicated.  Further,

11   plaintiff has not demonstrated that he is likely to succeed on the merits insofar as his complaint

12   cannot be served at this time.  For these reasons, plaintiff's motion to appoint counsel, ECF No.

13   11, is denied without prejudice.  I may revisit this issue at a later stage of the proceedings if the

14   interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a

15   detailed explanation of the circumstances that he believes justify appointment of counsel in this

16   case.

17          Accordingly, it is ORDERED that:

18          1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 14, is GRANTED and

19   his other application, ECF No. 13, is DENIED as moot.

20          2.  Plaintiff's motion to appoint counsel, ECF No. 11, is DENIED without prejudice.

21          3.  Within thirty days from the service of this order, plaintiff must either file an Amended

22   Complaint or advise the court he wishes to stand by his current complaint.  If he selects the latter

23   option, I will recommend that this action be dismissed.

24          4.  Failure to comply with this order may result in the dismissal of this action.

25          5.  The Clerk of Court is directed to send plaintiff a complaint form.

26

27

28

IT IS SO ORDERED.

Dated:    October 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE