1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL LITTLETON,                          Case No.  2:22-cv-0567-TLN-JDP (P)

12                    Plaintiff,

13          v.                                     ORDER

14    COUNTY OF SACRAMENTO, *et al.*,

15                    Defendants.

16

17          The court closed this action on February 23, 2023, because plaintiff failed to state claim

18    for relief, failed to comply with court orders, and failed to prosecute.  ECF No. 19.  Now, more

19    than two years later, plaintiff has filed a request to refund his filing fee, ECF No. 22, a new

20    motion to proceed *in forma pauperis*, ECF No. 23, and a motion to appoint counsel, ECF No. 24.[1]

21    For the foregoing reasons, each motion is denied, and plaintiff is cautioned that any future

22    documents filed by him in this case will be disregarded and no orders will issue in response.

23          Plaintiff filed an identical motion to refund his filing fee in another closed action in this

24    district.  *See Littleton v. Montiez*, 2:22-cv-1067-TLN-AC.  Judge Claire denied that motion.  She

25    explained that because plaintiff applied for and was granted to proceed *in forma pauperis*, he was

26    obligated to pay the $350.00 filing fee.  ECF No. 16 at 3.  She further explained that 28 U.S.C.

27    _____

28          [1] Plaintiff's motion to proceed *in forma pauperis*, ECF No. 23, is denied as unnecessary.
      Plaintiff was granted *in forma pauperis* status on October 11, 2022.  ECF No. 15.

§ 1915(b)(2)

> requires that prisoners who have multiple civil rights lawsuits in which *in forma pauperis* status was granted make simultaneous payments of twenty percent of the prisoner's monthly income for each case he has filed. *Bruce v. Samuels*, 577 U.S. 82, 87 (2016). That the combined amount may add up to more than twenty percent, and at times, leave a prisoner without funds, does not violate the statute, and in fact is consistent with the purpose of the Prison Litigation Reform Act to deter frivolous lawsuits. *Id.* at 88-89.

*Id.* I find no reason to depart from the approach taken by Judge Claire. Plaintiff's motion to appoint counsel is necessarily denied because this case is closed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to refund the filing fee, ECF No. 22, is denied.

2. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 23, is denied as unnecessary.

3. Plaintiff's motion to appoint counsel, ECF No. 24, is denied as unnecessary.

IT IS SO ORDERED.

Dated:   March 7, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE